# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| PUSAN COUPLING CORP., ) ) ) Plaintiff, ) ) v. ) ) UNITED STATES, ) ) Defendant. ) ) | Court No. 25-00092 |

# COMPLAINT

Plaintiff, Pusan Coupling Corporation ("PCC"), through its undersigned attorneys, alleges the following as its complaint in this case:

1. The United States Court of International Trade has jurisdiction over this action pursuant to 28 U.S.C. § 1581(a).

2. Plaintiff is the importer of record of the subject merchandise and has standing to bring this action.

3. The protest and summons in this action were timely filed.

4. All liquated duties, charges, and exactions were paid prior to the commencement of this action.

5. Protest number 5301-24-109931 was filed on July 19, 2024.

6. Plaintiff filed a request for accelerated disposition of protest 5301-24-109931 on January 16, 2025, pursuant to 19 C.F.R. §174.22.

7. Protest number 5301-24-109931 was denied by operation of law on February 15, 2025, pursuant to 19 C.F.R. § 174.22(d).

8. The subject merchandise consists of API 5CT couplings (steel grade L80), which are cylindrical couplings designed to connect oil drilling pipes (hereinafter "couplings"). The couplings imported under this entry are 10-5/8 inches in length and are 9-5/8 inches in diameter.

9. The subject couplings are a product of Korea.

10. The subject couplings were classified upon entry in subheading 7307.92.3010, Harmonized Tariff Schedule of the United States (hereinafter "HTSUS"), which covers "Tubes or pipe fittings (for example, couplings, elbows, sleeves), of iron or steel: Other Threaded elbows, bends and sleeves: Sleeves (couplings): Of iron or nonalloy steel," duty free.

11. The subject couplings were declared upon entry as a product of Korea and with a claim for preferential treatment under United States-Korea Free Trade Agreement ("Korea FTA") under HTSUS General Note 33.

12. CBP classified the coupling upon liquidation in subheading 7306.30.5032, HTSUS, denied preferential treatment under General Note 33, and classified the couplings in subheading 9903.88.15, HTSUS, as a product of China, and in subheading 9903.80.01, HTSUS, as subject to tariffs under Chapter 99, Subchapter III, General Note 16 (Section 232 tariffs) applicable to products of China.

<b><u>COUNT ONE - CLASSIFICATION</u></b>

13. Plaintiff realleges paragraphs 1 through 12 as if fully set forth herein.

14. The subject merchandise is pipe fittings, also known as couplings, that are approximately 10-5/8 inches in length and are threaded on both ends.

15. The subject couplings are designed to connect two bores of threaded pipes.

16. The subject merchandise is correctly classified in subheading 7307.92.3010, HTSUS, as "Tube or pipe fittings (for example, couplings, elbows, sleeves), of iron or steel: Other: Threaded elbows, bends and sleeves: Sleeves (couplings): Of iron or nonalloy steel."

17. Because the couplings are correctly classified in subheading 7307.92.3010, HTSUS, the subject couplings are not subject to duties under Chapter 99, Subchapter III, Note 16, and are not classifiable in subheading 9903.80.01, HTSUS.

## **COUNT TWO – COUNTRY OF ORIGIN**

18. The subject merchandise was manufactured by plaintiff at its facility in Busan, Korea.

19. Plaintiff manufactured the subject merchandise in Korea from raw materials that are hollow pipes known as "coupling stock."

20. The coupling stock was sourced in China and imported into Korea, where it was processed at Plaintiff's facility in Korea.

21. In Korea, the coupling stock was cut, machined, threaded and tapered, coated, painted, and finished to create the couplings.

22. Plaintiff cuts the coupling stock to a specified length, in this case 10-5/8 inches. The cut section is known as a sleeve.

23. The sleeve was then machined, threaded and tapered using a computer numerical control machine (hereinafter "CNC"). During CNC machining, plaintiff removed the layer of the inner and outer sleeve surfaces to flatten them and remove rust, ensuring optimal conditions for further processing and contributing to overall coupling

quality. CNC machining can take as long as forty minutes per sleeve to complete, depending on the diameter of the sleeve.

24. The sleeves were internally threaded using the CNC machine. The machined sleeve was placed in a threading machine where the top half of the sleeve was threaded. The sleeve was manually flipped over and placed back into the machine to thread the other half of the sleeve. During threading, the CNC machine tapered the interior of the coupling so that the center diameter of the coupling is less than the diameter at the ends of the coupling.

25. The couplings were then tested using Magnetic Particle Testing (MPT) to detect cracks or defects on the surface or just below the surface of the couplings.

26. Following MPT, the couplings were marked with proper API specifications.

27. Following marking, the couplings were covered in antirust oil to protect the pipes from corrosion.

28. Under 19 C.F.R. § 134.1(b), the processing described in paragraphs 21 through 27 constituted a substantial transformation of the pipe into finished couplings.

29. The subject merchandise is a product of Korea for origin marking and duty assessment purposes.

30. As products of Korea, the subject couplings are not subjected to tariffs applicable under heading 9903 as products of China.

**WHEREFORE**, plaintiff respectfully requests that CBP's classification and origin determination upon liquidation be overruled, that the claimed classification and country of origin of Korea be sustained; and that the appropriate CBP official be directed to reliquidate the involved entry accordingly, and to refund the excess duties collected, with lawful interest,

and that the Court grant such further relief, including attorney's fees and costs, as it deems proper.

Respectfully submitted,

**GRUNFELD, DESIDERIO, LEBOWITZ SILVERMAN & KLESTADT, LLP**
Attorneys for Plaintiff

By: /s/ Erik Smithweiss
707 Wilshire Boulevard STE 4150
Los Angeles, CA 90017
(213) 452-0863
esmithweiss@gdlsk.com

Dated:  Los Angeles, CA
        May 19, 2025

13175470_1

5